## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WEATHERWISE USA, INC., a Delaware :     Civil Action No.:
Corporation, and PITTSBURGH TECHNOLOGY :
LICENSING CORP., a Delaware Corporation, :

         Plaintiffs, :

   v. :

                        :     **DEMAND FOR JURY TRIAL**

WEATHERBILL, INC., a Delaware Corporation, :

         Defendant. :

## COMPLAINT

Plaintiffs WeatherWise USA, Inc. and Pittsburgh Technology Licensing Corp. (collectively, "Plaintiffs"), through their undersigned counsel, Fox Rothschild LLP, bring this action against Defendant, WeatherBill, Inc. ("WeatherBill"), and assert the following:

### INTRODUCTION

1.     By this action, Plaintiffs seek redress against WeatherBill for: (i) trademark infringement and trademark dilution resulting from WeatherBill's infringement of Pittsburgh Technology Licensing Corp.'s registered trademark; (ii) cyberpiracy under the Anticybersquatting Consumer Protection Act; and (iii) unfair competition concerning WeatherBill's false designations of origin and other unfair competition.     Plaintiffs seek injunctive relief, monetary relief for damages, an accounting of profits, costs, reasonable attorneys' fees, exemplary damages, and/or other further relief that is just and proper.

### JURISDICTION AND VENUE

2.     Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under U.S.C. Title 15, Chapter 22 (the "Lanham Act"),

and involves WeatherBill's infringement and dilution of a registered trademark owned by Pittsburgh Technology Licensing Corp. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over claims asserted under the Lanham Act, as these claims arise under the federal laws of the United States. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act, as these claims are related to claims within the Court's original jurisdiction.

3.    This Court has personal jurisdiction over WeatherBill by virtue of its incorporation and registered office in this district, and the fact that WeatherBill is soliciting and offering services that infringe and dilute the distinctive quality of PTL's Trademark in this district.

4.    Venue is proper in this district under 28 U.S.C. § 1391(b).

## THE PARTIES

5.    Plaintiff WeatherWise USA, Inc. ("WeatherWise") is a corporation organized under the laws of the State of Delaware with a registered office located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6.    Plaintiff Pittsburgh Technology Licensing Corp. ("PTL") is a corporation organized under the laws of the State of Delaware with a registered office located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7.    Defendant WeatherBill is a corporation organized under the laws of the State of Delaware with a registered office located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

2

## FACTS COMMON TO ALL CLAIMS

### BACKGROUND

8.      WeatherWise USA, LLC ("LLC") a Delaware limited liability company, was formed on October 10, 1996.

9.      LLC was the original owner of the trademark identified at Federal Trademark Registration No. 2367423 for the mark WEATHERPROOF BILL® (the "Trademark"), which was registered on July 18, 2000, and which covers weather-related financial services. A true and correct copy of the registration is attached hereto as Exhibit A.

10.     Pursuant to a merger of LLC with and into WeatherWise, WeatherWise succeeded to all of LLC's rights, title and interest in the Trademark. A true and correct copy of the United States Patent and Trademark Office's Trademark Assignment Abstract of Title Document is attached hereto as Exhibit B. (WeatherWise and LLC, are hereafter collectively referred to as "WeatherWise").

11.     WeatherWise    and    PTL    are    both    wholly-owned    subsidiaries    of WeatherWise Holdings, Inc., a Delaware Corporation.

12.     Pursuant to an Intellectual Property Asset Purchase Agreement dated May 18, 2007, PTL purchased WeatherWise's rights, title, and interest in the Trademark, along with the goodwill that WeatherWise had created in the Trademark up to the point of the transfer.

13.     PTL then licensed the right to use and sub-license the Trademark back to WeatherWise pursuant to an Intellectual Property License Agreement, also dated May 18, 2007. See Assignments 3 and 4 of the United States Patent and Trademark Office's Trademark Assignment Abstract of Title Document which is attached hereto as Exhibit B.

3

14.     By licensing the Trademark to WeatherWise, PTL stood to benefit from any increase in the value and goodwill of the Trademark resulting from WeatherWise's continuing efforts to promote its products and services.

15.     Similarly, WeatherWise, as a licensee, would continue to benefit from its own efforts to promote its products and services that are closely linked to the Trademark.

## WEATHERWISE'S BUSINESS

16.     WeatherWise is a leading provider of weather-related financial services and products in the United States. WeatherWise develops and provides products and services that reduce financial risk from weather-related factors. WeatherWise offers such products and services to energy utilities and to energy consumers. WeatherWise also engages in hedges, swaps and other trades with various counterparties ("Trade Counterparties") intended to transfer weather-related financial risks.

17.     WeatherWise has continuously provided weather-related financial services throughout the United States since October 1996. WeatherWise has become widely known in the marketplace as one of the preeminent sources for its offerings.

18.     One of WeatherWise's leading products is the "WeatherProof Bill®," which is WeatherWise's branded fixed bill (a predetermined, annual energy bill that allows consumers to pay the same amount for energy usage each month, regardless of changes in consumption that are largely driven by the weather or energy prices, and without any end-of-period adjustments or reconciliations).

19.     The WeatherProof Bill® name and Trademark are inherently strong and distinctive. The Trademark is considered incontestable under 15 U.S.C. § 1065.

4

20.     Since approximately October 15, 1996, WeatherWise has used the "WeatherProof Bill®" name, including on the website it has maintained since 1998 or earlier at www.weatherwiseusa.com. WeatherWise offered weather-related financial services prior to and after receiving approval from the United States Patent and Trademark Office (the "Patent and Trademark Office") for use of the term "WeatherProof Bill®."

21.     WeatherWise's services are strongly associated with and identified by the Trademark, which has been continuously used by WeatherWise in commerce since approximately October 15, 1996.

22.     The exclusive control and continuous use of the "WeatherProof Bill®" name and Trademark by the Plaintiffs since 1996 has firmly established WeatherWise's reputation throughout the United States in connection with weather-related financial services.

23.     Over the years, WeatherWise has spent a considerable amount of money and exercised great effort in advertising and establishing the Trademark as an identifier of WeatherWise's high quality products and services in the minds of its present and prospective clients and consumers including, but not limited to, energy utilities, energy consumers, and Trade Counterparties (collectively, "WeatherWise Consumers").

24.     WeatherWise has invested a significant amount of time, effort, and money into publicizing its products and services under the "WeatherProof Bill®" Trademark.

25.     Through WeatherWise's extensive efforts and continuous use of "WeatherProof Bill®" for more than 11 years, the Trademark has become famous and has enhanced WeatherWise's far-reaching reputation for its weather-related financial services.

26.     As a result of such efforts and successes, WeatherWise has accumulated substantial recognition and goodwill in the "WeatherProof Bill®" name and Trademark. By

5

virtue of the extensive use of the Trademark, and the substantial sums spent to promote the Trademark, the Trademark acquired considerable value and goodwill such that WeatherWise Consumers have come to associate the Trademark exclusively with WeatherWise, and to believe that the Trademark uniquely identifies WeatherWise's high quality products and services.

27.    The value and goodwill in the Trademark garnered by WeatherWise's extensive efforts and continuous use inures to the benefit of PTL.

## DEFENDANT'S UNLAWFUL CONDUCT

28.    Notwithstanding Plaintiffs' prior use of and rights in the Trademark, Defendant WeatherBill has provided and is providing weather-related financial services and products under the name "WeatherBill."

29.    Based upon information and belief, WeatherBill provides, advertises, and promotes products and services to manage weather-related risks, including those found within the energy and utility industries, in competition with WeatherWise.    Accordingly, both WeatherWise and WeatherBill transact business in the weather markets, provide similar weather risk management products and services, and target similar markets.  If additional product and service expansion occurs by either or both parties, there is likely to be even further overlap in services and markets and further confusion between WeatherBill and the Trademark.

30.    WeatherBill has been incorporated under that name since May 11, 2006. It has used the mark "WeatherBill" since approximately May 23, 2006, and has used it in commerce since approximately January 17, 2007.

31.    In addition, notwithstanding Plaintiffs' prior use of and rights in the Trademark, WeatherBill has registered or caused to be registered the domain name

6

weatherbill.com and has set up a website at that URL address to promote its weather-related financial services.

32.     WeatherBill's use of the name "WeatherBill" is confusingly similar to the Trademark for reasons including, but not limited to, the following: (i) each element of the term "WeatherBill" also occurs within the Trademark WeatherProof Bill®; (ii) the term "WeatherBill" merely deletes the element "Proof" from the Trademark WeatherProof Bill®; and (iii) the term "WeatherBill" duplicates the dominant portions of the TradeMark WeatherProof Bill®.

33.     Upon information and belief, WeatherBill is capitalizing on the well known WeatherProof Bill® Trademark to confuse WeatherWise Consumers and redirect and divert them to WeatherBill for commercial purposes and financial gain.

34.     Upon information and belief, WeatherBill intends not only to frustrate WeatherWise's ability to market and promote its services, but also to capitalize on WeatherWise's goodwill and reputation by maintaining a website containing advertisements for WeatherBill's weather-related financial services that is likely to confuse Internet users looking for WeatherWise's website.

35.     Internet users looking for WeatherWise's website and exposed to the weatherbill.com domain name and website content are likely to be confused as to the source and affiliation of the weather-related financial services.

36.     Internet users are likely to falsely conclude that WeatherBill's website content is affiliated with WeatherWise, or that there is a relationship between WeatherBill and WeatherWise.

7

37.     Upon information and belief, WeatherBill undertakes its infringing activities for profit, as a business venture.

38.     Neither WeatherWise nor PTL have ever authorized WeatherBill to use the name "WeatherBill" or any portion of the Trademark in connection with any domain name, business, product, or service.

39.     Plaintiffs have been, and continue to be, injured by WeatherBill's unlawful acts, including within the State of Delaware and within this judicial district.

40.     WeatherBill acted with actual and constructive notice of the Trademark.

41.     On or about February 6, 2007, notwithstanding WeatherWise's prior use of and rights in the registered Trademark, WeatherBill filed an application with the Patent and Trademark Office to register the mark "WeatherBill."

42.     On or about May 25, 2007, the Patent and Trademark Office rejected WeatherBill's registration due to the similarity with the Trademark and concluded that the term WeatherBill "when used on or in connection with the identified services, so resembles [the Trademark] as to be likely to cause confusion, to cause mistake, or to deceive." A true and correct copy of the Patent and Trademark Office's Office Action is attached hereto as Exhibit C.

43.     Based on the forgoing, WeatherBill has known of PTL's registered Trademark since at least May 25, 2007. Accordingly, since that date, if not earlier, WeatherBill has been aware of its infringement of PTL's Trademark, and its unfair competition with WeatherWise, but has taken no steps to discontinue its infringing and unlawful conduct.

44.     Upon information and belief, WeatherBill performed the acts complained of herein willfully and with knowledge of the infringement and dilution they would cause, and with intent to cause confusion, mistake, or deception, and to appropriate and unfairly trade upon

8

WeatherWise's extensive reputation and goodwill and the goodwill which exists in the Trademark.

45.    Upon information and belief, WeatherBill's use of the term "WeatherBill" in the manner described herein already has caused confusion and deception, and/or is likely to cause confusion and deception. WeatherWise Consumers have been and/or will be led to believe (i) that WeatherBill and its products and services are provided, sponsored, marketed, and/or approved by WeatherWise, (ii) that WeatherBill is affiliated with WeatherWise; and/or (iii) that PTL has granted permission to WeatherBill to use the Trademark and the domain name weatherbill.com.

46.    The actions and conduct of WeatherBill as set forth in the preceding paragraphs will cause substantial and irreparable injury and damage to the Plaintiffs.

47.    In addition, Plaintiffs have no control over the quality or content of the products or services provided by WeatherBill. Because of the confusion as to the source, origin and/or sponsorship of WeatherBill's products and services, if WeatherBill provides products or services which are of inferior quality, or defaults on trades with its financial trading counterparties, the Plaintiffs will suffer substantial and irreparable injury and damage.

## COUNT I

### PTL v. WEATHERBILL
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114, 1117

48.    PTL realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

49.    WeatherBill's unauthorized and unlicensed use of the term "WeatherBill" in the manner described herein is likely to cause confusion and mistake and to deceive WeatherWise Consumers as to the source or origin of WeatherBill's products and services.

9

50.    The acts of WeatherBill infringe the Trademark, with consequent damage to PTL and the business and goodwill symbolized by this Federally Registered Trademark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

51.    WeatherBill's acts of Trademark infringement have caused and are causing great and irreparable injury to PTL, to the Trademark "WeatherProof Bill®," and to the business and goodwill represented by the Trademark, in an amount that cannot be ascertained at this time, and, unless enjoined, will cause further irreparable injury, leaving PTL with no adequate remedy at law.

52.    By reason of the foregoing, PTL is entitled to injunctive relief against WeatherBill and, after trial, to recover any damages proven to have been caused by reason of WeatherBill's acts of Trademark infringement.

## COUNT II

## PTL v. WEATHERBILL
## FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. §1125(c)

53.    PTL realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

54.    PTL's Trademark is a famous trademark used in interstate commerce in the United States.  Its fame and value have resulted from and continue to result from the promotional efforts of WeatherWise, first as owner of the Trademark, and later as licensee. Among other things, (a) the Trademark is highly distinctive and has a high degree of acquired distinctiveness; (b) WeatherWise has used the Trademark for more than 10 years throughout the United States in connection with its products and services; (c) WeatherWise has advertised and publicized the Trademark for a considerable amount of time throughout the United States; (d) WeatherWise has used the Trademark in a trading area of broad geographical scope

encompassing all of the states of the United States; (e) the Trademark has an extremely high degree of recognition in the eyes of WeatherWise Consumers; and (f) the Trademark is registered under the Lanham Act on the Principal Register.

55.    The acts of WeatherBill dilute, tarnish, and detract from the distinctiveness of the Trademark, with consequent damage to PTL's interest in the value and goodwill of the Trademark, in violation of the Federal Trademark Dilution Act of 1995, codified at 15 U.S.C. § 1125(c).

56.    WeatherBill's willful acts of trademark dilution have caused and are causing great and irreparable injury to PTL, its Trademark, and to the value and goodwill represented by the Trademark, in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving PTL with no adequate remedy at law.

57.    By reason of the foregoing, PTL is entitled to injunctive relief against WeatherBill and, after trial, to recover any damages proven to have been caused by reason of WeatherBill's willful acts of trademark dilution.

## COUNT III

### PTL AND WEATHERWISE v. WEATHERBILL
### FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)

58.    Plaintiffs reallege and incorporate the allegations in all preceding paragraphs of this Complaint.

59.    WeatherBill's infringement of the Trademark in the manner described above is likely to cause WeatherWise Consumers to mistakenly believe that WeatherBill has an affiliation with WeatherWise, or that WeatherBill's products or services are sponsored or approved by WeatherWise, or that WeatherBill is otherwise associated with or has obtained the endorsement of WeatherWise.

11

60. WeatherBill's acts of unfair competition and false advertising have caused irreparable injury to WeatherWise's goodwill and reputation in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving WeatherWise with no adequate remedy at law.

61. Similarly, any injury to WeatherWise's goodwill and reputation also irreparably injures the value and goodwill represented by PTL's Trademark.

62. By reason of the foregoing, Plaintiffs are entitled to injunctive relief against WeatherBill, and, after trial, to recover any damages proven to have been caused by WeatherBill's acts of false designation of origin.

## COUNT IV

## PTL v. WEATHERBILL
## ANTICYBERSQUATTING CONSUMER PROTECTION
## ACT UNDER 15 U.S.C. §1125(D)(1)

63. PTL realleges and incorporates the allegations in all preceding paragraphs of this Complaint.

64. WeatherBill has appropriated the distinctive and famous Trademark.

65. The acts of WeatherBill in registering and using for commercial gain a domain name that is almost identical or confusingly similar to the Trademark has usurped the value and goodwill of PTL's Trademark.

66. By reason of the forgoing, PTL is entitled to injunctive relief against WeatherBill, termination of its website and domain name registration, and transfer of the domain name to PTL, and to recover statutory damages, or after trial, to recover any damages proven to have been caused by WeatherBill's acts to profit from the Trademark.

12

## COUNT V

### PTL v. WEATHERBILL
### TRADEMARK INFRINGEMENT
### UNDER DELAWARE STATE LAW

67.     PTL realleges and incorporates the allegations in all preceding paragraphs

of this Complaint.

68.     The acts of WeatherBill as described above constitute trademark

infringement in violation of PTL's rights under the common law of the State of Delaware.

## COUNT VI

### PTL v. WEATHERBILL
### TRADEMARK DILUTION UNDER DELAWARE STATE LAW

69.     PTL realleges and incorporates the allegations in all preceding paragraphs

of this Complaint.

70.     The acts of WeatherBill as described above are likely to dilute and detract

from the distinctiveness of the Trademark, with consequent damage to PTL and the business and

goodwill symbolized by the Trademark, in violation of 6 Del.C. § 3313.

## COUNT VII

### PTL v. WEATHERBILL
### STATUTORY RIGHT TO INJUNCTIVE RELIEF AND DISGORGEMENT OF
### PROFITS UNDER DELAWARE LAW

71.     PTL realleges and incorporates the allegations in all preceding paragraphs

of this Complaint.

72.     Based upon information and belief, WeatherBill has received profits from

its wrongful use of the mark WeatherBill.  The acts of WeatherBill as described above entitle

PTL to injunctive relief and disgorgement of profits under 6 Del. C. §3314(e).

13

## COUNT VIII

### PTL AND WEATHERWISE v. WEATHERBILL
### DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION UNDER
### DELAWARE LAW

73.     Plaintiffs reallege and incorporate the allegations in all preceding paragraphs of this Complaint.

74.     The acts of WeatherBill as described above constitute deceptive trade practices and unfair competition under the common law of the State of Delaware and/or 6 Del. C. § 2531 *et seq.*

## COUNT IX

### PTL AND WEATHERWISE v. WEATHERBILL
### UNJUST ENRICHMENT

75.     Plaintiffs reallege and incorporate the allegations in all preceding paragraphs of this Complaint.

76.     WeatherBill's use of "WeatherBill" in the manner described herein is likely to cause WeatherWise Consumers to mistakenly believe that WeatherBill has an affiliation with WeatherWise, or that WeatherBill's goods or services are sponsored or approved by WeatherWise, or that WeatherBill is otherwise associated with or endorsed by WeatherWise. Upon information and belief, WeatherBill has been or will be enriched at Plaintiffs' expense by their unauthorized and unlicensed use of the Trademark.

77.     WeatherBill has received or will receive enrichment from its unauthorized use of the Trademark. Accordingly, any such enrichment is unjust and should, in equity and good conscience, be returned to Plaintiffs.

78.     As a result of WeatherBill's unauthorized and unlicensed use of the Trademark, Plaintiffs have been, and will continue to be, irreparably harmed unless WeatherBill,

14

and all persons or entities acting on their behalf, in concert with them or as their agents, are permanently enjoined from using the Trademark. Plaintiffs have no adequate remedy at law.

79.    As a result of WeatherBill's unauthorized and unlicensed use of the Trademark, WeatherBill has been unjustly enriched at the expense of Plaintiffs in an amount in excess of this Court's jurisdictional requirement and according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, WeatherWise respectfully requests this Court enter judgment in its favor as follows:

A.    Declare that WeatherBill's unauthorized conduct violates Plaintiffs' rights under the Lanham Act, the common law of the State of Delaware, and Delaware statutory law.

B.    Preliminarily and permanently enjoin WeatherBill, its agents, servants, employees, directors, officers, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with it from:

(1)    using the designation "WeatherBill" or any other part of the Trademark owned by PTL and any designation that includes the Trademark "WeatherProof Bill®," or any confusingly similar designation;

(2)    doing any other acts or things calculated or likely to cause confusion or mistake in the mind of WeatherWise Consumers, or to lead them into the belief that products or services sold, offered for sale, or distributed by WeatherBill are authorized, sponsored, licensed, endorsed, promoted, or condoned by WeatherWise, or are otherwise affiliated with or connected to WeatherWise;

(3)    diluting in any way the Trademark or representing by any means whatsoever, directly or indirectly, that any products or services offered or

15

provided by WeatherBill are offered, provided by, or approved by WeatherWise, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of WeatherWise Consumers as to the origin or sponsorship of such products and services;

(4)    otherwise competing unfairly with WeatherWise in any manner;

(5)    continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint; and

(6)    aiding or abetting any other party in doing any acts prohibited by the Court's Order.

C.    Direct WeatherBill to account for and pay over to Plaintiffs all gains, profits and/or advantages derived by them from its infringement, unfair competition and other unlawful acts and/or alternatively pay Plaintiffs' lost profits caused by WeatherBill's infringement, unfair competition and other unlawful acts;

D.    Direct WeatherBill to terminate operation of its website under WeatherBill's nearly identical or confusingly similar mark and to transfer the registration of the "WeatherBill" domain name to PTL and provide statutory damages.

E.    Order WeatherBill to compensate Plaintiffs for any advertising or other expenses necessary to dispel any confusion caused by WeatherBill's infringement, unfair competition, and other unlawful acts;

F.    Enter a judgment for Plaintiffs against WeatherBill for damages suffered by Plaintiffs as a result of WeatherBill's infringement, unfair competition, and other unlawful acts;

16

G.    Enter a judgment for Plaintiffs against WeatherBill in such figure as the Court shall deem appropriate as punitive damages because of the deliberate and willful nature of WeatherBill's infringement, unfair competition, and other unlawful acts;

H.    Enter a judgment for Plaintiffs against WeatherBill for three times WeatherBill's profits or Plaintiffs' damages, whichever is greater, pursuant to 15 U.S.C. § 1117;

I.    Order WeatherBill, pursuant to 15 U.S.C. § 1116, to serve on Plaintiffs within thirty (30) days after service on WeatherBill of the requested preliminary, or permanent injunction orders, a report in writing, under oath, setting forth in detail the manner and form in which WeatherBill has complied with the injunction(s);

J.    Award Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees and investigative expenses, on the ground that this is an exceptional case under 15 U.S.C. § 1117; and

K.    Award Plaintiffs such other and further relief as the Court deems just and proper.

17

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues set forth in the Complaint which

may be tried before a jury.

**FOX ROTHSCHILD LLP**

Date: November 16, 2007

Grégory B. Williams
DE ID. No. 4195
Leslie B. Spoltore
DE ID. No. 3605
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street
13th Floor, Suite 1300
Wilmington, DE 19801-2323
Tel: 302-654-7444
Fax: 302-656-8920
gwilliams@foxrothschild.com
lspoltore@foxrothschild.com

Attorneys for Plaintiffs
WeatherWise USA, Inc. and
Pittsburgh Technology Licensing Corp.

**OF COUNSEL**

Carl J. Rychcik
PA ID. No. 73754
FOX ROTHSCHILD LLP
625 Liberty Avenue, 29th Floor
Pittsburgh, PA 15222
Tel: 412-391-1334
Fax: 412-391-6984
crychcik@foxrothschild.com

# EXHIBIT

# A

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

**United States Patent and Trademark Office**

Reg. No. 2,367,423

Registered July 18, 2000

## SERVICE MARK
### PRINCIPAL REGISTER

# WEATHERPROOF BILL

WEATHERWISE USA LLC (DELAWARE LIMITED LIABILITY COMPANY)
ONE NORTH SHORE CENTER
12 FEDERAL STREET
PITTSBURGH, PA 15212

FOR: FINANCIAL SERVICES THAT MANAGE WEATHER RELATED FINANCIAL RISK FOR ENERGY CONSUMERS, SUPPLIERS AND OTHERS, NAMELY, FINANCIAL SERVICES WHEREBY ENERGY CONSUMERS, SUPPLIERS AND OTHERS PAY OR RECEIVE A PREDETERMINED AMOUNT FOR ENERGY REGARDLESS OF THE WEATHER; AND FINANCIAL SERVICES IN ARRANGING PURCHASE AND DELIVERY OF ENERGY, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10-15-1996; IN COMMERCE 10-15-1996.

SER. NO. 75-400,052, FILED 12-4-1997.

JILL C. ALT, EXAMINING ATTORNEY

# EXHIBIT
# B



United States Patent and Trademark Office

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > **Trademark Query**

# Trademark Assignment Abstract of Title

**Total Assignments: 4**

| | | | |
|---|---|---|---|
| **Serial #:** 75400052 | **Filing Dt:** 12/04/1997 | **Reg #:** 2367423 | **Reg. Dt:** 07/18/2000 |

**Registrant:** WeatherWise USA LLC
**Mark:** WEATHERPROOF BILL

**Assignment: 1**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 1992/0015 | **Received:** 11/26/1999 | **Recorded:** 11/15/1999 | **Pages:** 4 |

**Conveyance:** MERGER AND CHANGE OF NAME

**Assignor:** WEATHERWISE USA LLC

**Exec Dt:** 09/13/1999
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** WEATHERWISE USA, INC.
12 FEDERAL STREET
PITTSBURGH, PENNSYLVANIA 15212

**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Correspondent:** KIRKPATRICK & LOCKHART LLP
JAMES R. KYPER
535 SMITHFIELD STREET
PITTSBURGH, PA 15222

**Assignment: 2**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 3133/0200 | **Received:** 08/03/2005 | **Recorded:** 08/03/2005 | **Pages:** 6 |

**Conveyance:** CORRECTIVE ASSIGNMENT TO CORRECT THE ASSIGNOR ENTITY TYPE TO LIMITED LIABILITY COMPANY PREVIOUSLY RECORDED ON REEL 001992 FRAME 0015. ASSIGNOR(S) HEREBY CONFIRMS THE MERGER AND CHANGE OF NAME.

**Assignor:** WEATHERWISE USA LLC

**Exec Dt:** 09/13/1999
**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** DELAWARE

**Assignee:** WEATHERWISE USA, INC.
12 FEDERAL STREET
ONE NORTH SHORE CENTER, SUITE 230
PITTSBURGH, PENNSYLVANIA 15212

**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Correspondent:** NEIL P. KEARNEY
535 SMITHFIELD STREET
HENRY W. OLIVER BUILDING
PITTSBURGH, PA 15222

**Assignment: 3**

| | | | |
|---|---|---|---|
| **Reel/Frame:** 3545/0624 | **Received:** 05/19/2007 | **Recorded:** 05/19/2007 | **Pages:** 5 |

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** WEATHERWISE USA, INC.

**Exec Dt:** 05/18/2007
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** PITTSBURGH TECHNOLOGY LICENSING CORP.
49 SOUTH 14TH STREET
PITTSBURGH, PENNSYLVANIA 15203

**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Correspondent:** DENNIS M. CARLETON
625 LIBERTY AVENUE
29TH FLOOR
PITTSBURGH, PA 15222

## Assignment: 4

**Reel/Frame:** 3545/0629          **Received:** 05/19/2007          **Recorded:** 05/19/2007          **Pages:** 7

**Conveyance:** SECURITY INTEREST

**Assignor:** PITTSBURGH TECHNOLOGY LICENSING CORP.          **Exec Dt:** 05/18/2007
                                                             **Entity Type:** CORPORATION
                                                             **Citizenship:** DELAWARE

**Assignee:** WEATHERWISE USA, INC.          **Entity Type:** CORPORATION
          49 SOUTH 14TH STREET               **Citizenship:** DELAWARE
          PITTSBURGH, PENNSYLVANIA 15203

**Correspondent:** DENNIS M. CARLETON
          625 LIBERTY AVENUE
          29TH FLOOR
          PITTSBURGH, PA 15222

Search Results as of: 11/15/2007 01:28 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web Interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT
# C

| To: | WeatherBill Inc. (dave@weatherbill.com) |
| Subject: | TRADEMARK APPLICATION NO. 77099832 – WEATHERBILL – N/A |
| Sent: | 5/25/2007 3:24:02 PM |
| Sent As: | ECOM102@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    77/099832

**APPLICANT:**    WeatherBill Inc.

**\*77099832\***

**CORRESPONDENT ADDRESS:**
  WEATHERBILL INC.
  WEATHERBILL INC.
  445 BUSH ST STE 100
  SAN FRANCISCO, CA 94108-3714

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK:**    WEATHERBILL

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**
  dave@weatherbill.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT:**  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:**  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Mark: Weatherbill
Serial Number 77/099832

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

The assigned examining attorney has reviewed the referenced application and determined the following.

Trademark Act Section 2(d) – Refusal to Register

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified services, so resembles the mark in U.S. Registration No. 2367423 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 *et seq.* See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.,* 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.,* 200 USPQ 738 (TTAB 1978). TMEP §§1207.01 *et seq.*

A. Comparison of the Marks

The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. *In re E. I. DuPont de Nemours & Co.,* 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. *In re Mack,* 197 USPQ 755 (TTAB 1977). TMEP §§1207.01(b) *et seq.*

When the applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." *Esso Standard Oil Co. v. Sun Oil Co.,* 229 F.2d 37, 108 USPQ 161 (D.C. Cir.), *cert. denied,* 351 U.S. 973, 109 USPQ 517 (1956). TMEP §1207.01(b).

The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side#by#side comparison. The issue is whether the marks create the same overall impression. *Visual Information Institute, Inc. v. Vicon Industries Inc.,* 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.,* 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.,* 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

Registration Number 2367423 is for the mark WEATHERPROOF BILL. The applicant is seeking to register the mark WEATHERBILL. The applicant has merely deleted the term "proof" and the spacing between the terms from the mark of the registrant. The mere deletion of wording from a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *See In re Optical Int'l*, 196 USPQ 775 (TTAB 1977) (where applicant filed to register the mark OPTIQUE for optical wear, deletion of the term BOUTIQUE is insufficient to distinguish the mark, *per se*, from the registered mark OPTIQUE BOUTIQUE when used in connection with competing optical wear). In the present case, applicant's mark does not create a distinct commercial impression because it contains the same common wording as registrant's mark, and there is no other wording to distinguish it from registrant's mark.

B.  Comparison of the Services

The services of the parties need not be identical or directly competitive to find a likelihood of confusion. They need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the services come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Products Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re International Telephone & Telegraph Corp.*, 197 USPQ 910 (TTAB 1978). TMEP §1207.01(a)(i).

Registration Number 2367423 is for "financial services that manage weather related financial risk for energy consumers, suppliers and others, namely, financial services whereby energy consumers, suppliers and others pay or receive a predetermined amount for energy regardless of the weather; and financial services in arranging purchase and delivery of energy." The applicant's services are "Assuming financial risk of others by entering into options and swaps; Financial risk management; financial services, namely providing information in the fields of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; financial services, namely, providing for the exchange of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; risk management; risk management consultation." The services of the parties, while not identical, are related. The parties both offer a weather-related financial service.

Due to the similarities between the marks and the services, registration is refused.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

Response Guidelines - General

Please note that there is no required format or form for responding to this Office action. However, applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number.

When responding to this Office action, applicant must make sure to respond in writing to each refusal and requirement raised. If there is a refusal to register the proposed mark, then applicant may wish to argue against the refusal, i.e., explain why it should be withdrawn and why the mark should register. If there are other requirements, then applicant should simply set forth in writing the required changes or statements and request that the Office enter them into the application record. Applicant must also sign and date its response.

Applicant may wish to hire a specialist attorney to assist in prosecuting this application because of the technicalities involved. The Office cannot aid in the selection of a trademark attorney. 37 C.F.R. §2.11. Applicant may wish to consult the Yellow Pages for a listing of attorneys specializing in trademark or intellectual property law, or seek guidance from its local Bar Association attorney-referral service.

Response Guidelines – Signing Responses

Responses to Office actions must be properly signed. TMEP §712. If applicant has retained an attorney, the attorney *must* sign the response; applicant cannot sign the response. 37 C.F.R. §10.18(a); TMEP §602. However, if applicant was previously represented by an attorney, and applicant later retains a different attorney, the newly retained attorney cannot sign responses until a new power of attorney signed by applicant is filed. *Id.* Paralegals and secretaries cannot sign responses for attorneys.

The only attorneys who can practice before the USPTO in trademark matters are (1) attorneys in good standing with a bar of the highest court of any U.S. state or (2) Canadian agents/attorneys who have received reciprocal recognition by the USPTO under 37 C.F.R. §10.14(c). And Canadian attorneys can only represent Canadian applicants. Foreign attorneys (other than duly authorized Canadian attorneys) cannot sign responses or otherwise represent applicants before the USPTO. 37 C.F.R. §§10.1(c) and 10.14. Paralegals and secretaries cannot sign responses for attorneys.

If applicant is not represented by an attorney, the response must be signed by applicant or by someone with legal authority to bind applicant (i.e., *a corporate officer of a corporate applicant*, the equivalent of an officer for unincorporated organizations or limited liability company applicants, a general partner of a partnership applicant, each applicant for applications with multiple individual applicants, etc.). TMEP §§712 *et seq.*

A non-attorney who is authorized to verify facts on behalf of an applicant under 37 C.F.R. §2.33(a)(2) (such as trademark administrators, accountants, business managers, administrative assistants, and personal assistants) is *not* entitled to sign responses to Office actions or to authorize examiner's amendments and priority actions, unless he or she also has legal authority to bind the applicant, as specified in the paragraph immediately above. *See* TMEP §§712.03 and 804.04.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Mary E. Crawford/

Trademark Attorney

Law Office 102

(571) 272 - 9149

**NOTICE OF NEW PROCEDURE FOR E-MAILED OFFICE ACTIONS:** In late spring 2007, for any applicant who authorizes e-mail communication with the USPTO, the USPTO will no longer directly e-mail the actual Office action to the applicant. Instead, upon issuance of an Office action, the USPTO will e-mail the applicant a notice with a link/web address to access the Office action using Trademark Document Retrieval (TDR), which is located on the USPTO website at http://portal.uspto.gov/external/portal/tow. The Office action will not be attached to the e-mail notice. Upon receipt of the notice, the applicant can then view and print the actual Office action and any evidentiary attachments using the provided link/web address. TDR is available 24 hours a day, seven days a week, including holidays and weekends. This new process is intended to eliminate problems associated with e-mailed Office actions that contain numerous attachments.

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

**Print: May 25, 2007**                              **75400052**

## DESIGN MARK

**Serial Number**
75400052

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
WEATHERPROOF BILL

**Standard Character Mark**
No

**Registration Number**
2367423

**Date Registered**
2000/07/18

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
WEATHERWISE USA, INC. CORPORATION DELAWARE ONE NORTH SHORE CENTER 12
FEDERAL STREET PITTSBURGH PENNSYLVANIA 15212

**Goods/Services**
Class Status -- ACTIVE. IC 036. US 100 101 102. G & S: Financial
services that manage weather related financial risk for energy
consumers, suppliers and others, namely, financial services whereby
energy consumers, suppliers and others pay or receive a predetermined
amount for energy regardless of the weather; and financial services in
arranging purchase and delivery of energy. First Use: 1996/10/15.
First Use In Commerce: 1996/10/15.

**Filing Date**
1997/12/04

**Examining Attorney**
ALT, JILL C.

**Attorney of Record**
Dennis M. Carleton

-1-

# WEATHERPROOF BILL

\*\*\* User:mcrawford1 \*\*\*

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 2 | 0 | 2 | 2 | 0:01 | "weatherbill"[on] |
| 02 | 2554 | N/A | 0 | 0 | 0:01 | *weather*[bi,ti] |
| 03 | 18788 | N/A | 0 | 0 | 0:02 | *b{"iy")1*[bi,ti] |
| 04 | 6 | 0 | 6 | 4 | 0:01 | (2 and 3) not dead[ld] |
| 05 | 1525321 | N/A | 0 | 0 | 0:02 | "036"[cc] |
| 06 | 350 | 0 | 350 | 148 | 0:01 | (2 and 5) not dead[ld] |

Session started 5/25/2007 2:03:05 PM
Session finished 5/25/2007 2:13:13 PM
Total search duration 0 minutes 8 seconds
Session duration 10 minutes 8 seconds
Defaut NEAR limit=1 ADJ limit=1
Sent to TICRS as Serial Number: 77099832

| From: | TMDesignCodeComments |
| Sent: | Saturday, February 10, 2007 00:07 AM |
| To: | dave@weatherbill.com |
| Subject: | Notice of Pseudo Mark for Serial Number: 77099832 |

**ATTORNEY REFERENCE NUMBER:**

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks. They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings. For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'. A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

You are not required to respond to this notice. However, if you would like to suggest additions or changes to the pseudo mark assigned to your mark, please send an email to TMDesignCodeComments@USPTO.GOV or call 1-800-786-9199 to speak to a Customer Service representative. No fee is necessary. (Please include the serial number of your application on ALL correspondence with the USPTO.) The USPTO will review your request and update the record if appropriate.

The USPTO will not send any further response to your e-mail. Check TESS in approximately two weeks to see if the requested changes have been entered. Requests deemed unnecessary or inappropriate will not be entered.

**Pseudo marks assigned to the referenced serial number are listed below.**

PSEUDO MARK:

WEATHER BILL

# WeatherBill


## weatherbill

| home | learn | tools | price & buy | my account |

# Get a Quote for a WeatherBill Contract...
or Get a Custom Quote ⑦

**Choose Contract Dates**

02/08/07 to 02/22/07 Including weekends and weekdays ⑦
(15 days)

**Select Location**
(please read disclaimer)

zipcode
94110 and find nearest weather station or

AL - Montgomery Dannelly Field ⑦

**Choose Payment Terms**

Pay me $ 100.00 for every Rainy day,
Rainy day occurs when the precipitation level is above 0.25 inches
in a 24-hour period. ⑦

**Choose Payment Limits**

Only start paying me after 0 rainy days, and pay me a maximum of
$ 1500 . ⑦

**Price:**

$613.07    BUY NOW

**About Us** | **FAQ** | **Contact** | **Careers** | **Privacy Policy** | **Terms of Use** | Copyright © 2007 WeatherBill Inc.

Mark Name: WeatherBill
Mail No 4: 77-099832 Page 09302002

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77099832**
**Filing Date: 02/06/2007**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| *MARK | WeatherBill |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | WeatherBill |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | WeatherBill Inc. |
| *STREET | 445 Bush Street Suite 100 |
| *CITY | San Francisco |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 94108 |
| PHONE | 415-986-4453 |
| FAX | 415-986-4453 |
| EMAIL ADDRESS | dave@weatherbill.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | CORPORATION |
| *STATE/COUNTRY OF INCORPORATION | Delaware |

| GOODS AND/OR SERVICES AND BASIS INFORMATION | |
|---|---|
| *INTERNATIONAL CLASS | 036 |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| *DESCRIPTION | Assuming financial risk of others by entering into options and swaps |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Financial risk management |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Financial services, namely providing information in the fields of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Financial services, namely, providing for the exchange of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |

| FILE NAME(S) | |
|---|---|
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| °DESCRIPTION | Risk management |
| °FILING BASIS | SECTION 1(a) |
| °FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| °FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| °DESCRIPTION | Risk management consultation |
| °FILING BASIS | SECTION 1(a) |
| °FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| °FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| °TRANSLATION (if applicable) | |
| °TRANSLITERATION (if applicable) | |
| °CLAIMED PRIOR REGISTRATION (if applicable) | |
| °CONSENT (NAME/LIKENESS) (if applicable) | |
| °CONCURRENT USE CLAIM (if applicable) | |
| **CORRESPONDENCE INFORMATION** | |
| °NAME | WeatherBill Inc. |
| FIRM NAME | WeatherBill Inc. |
| °STREET | 445 Bush Street Suite 100 |
| ° CITY | San Francisco |
| ° STATE (Required for U.S. applicants) | California |

| COUNTRY | United States |
|---|---|
| ZIP/POSTAL CODE (Required for U.S. applicants only) | 94108 |
| PHONE | 415-986-4453 |
| FAX | 415-986-4453 |
| EMAIL ADDRESS | dave@weatherbill.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /David Friedberg/ |
| SIGNATORY'S NAME | David Friedberg |
| SIGNATORY'S POSITION | CEO of WeatherBill Inc. |
| DATE SIGNED | 02/05/2007 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Feb 06 00:07:46 EST 2007 |
| TEAS STAMP | USPTO/FTK-75.34.111.1-200 70206000746458254-7709983 2-360c5a3c89a8c2561dd4d61 973de8c1ec1a-CC-856-20070 205234320103016 |

---

τ ιγγγα: γγγργα γγρρι
√αλα (√δ)-0070 γ-ας0γδ-γγαδ0

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77099832**
**Filing Date: 02/06/2007**

To the Commissioner for Trademarks:

MARK: WeatherBill (Standard Characters, see mark)

The literal element of the mark consists of WeatherBill. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, WeatherBill Inc., a corporation of Delaware, having an address of 445 Bush Street Suite 100, San Francisco, California, United States, 94108, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis Information for each item, you must view the display within the Input Table.**
    International Class 036: Assuming financial risk of others by entering into options and swaps; Financial risk management; Financial services, namely providing information in the fields of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; Financial services, namely, providing for the exchange of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; Risk management; Risk management consultation

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

Correspondence Information:              WeatherBill Inc.
                                         445 Bush Street Suite 100
                                         San Francisco, California 94108
                                         415-986-4453(phone)
                                         415-986-4453(fax)
                                         dave@weatherbill.com (authorized)
A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).
**Declaration**
The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.
Signature: /David Friedberg/  Date: 02/05/2007
Signatory's Name: David Friedberg
Signatory's Position: CEO of WeatherBill Inc.
RAM Sale Number: 856
RAM Accounting Date: 02/06/2007
Serial Number: 77099832
Internet Transmission Date: Tue Feb 06 00:07:46 EST 2007
TEAS Stamp: USPTO/FTK-75.34.111.1-200702060007464582
54-77099832-360c5a3c89a8c2561dd4d61973de
8c1ec1a-CC-856-20070205234320103016

# WeatherBill



# Get a Quote for a WeatherBill Contract...

or Get a Custom Quote ⑦

**Choose Contract Dates**

| 02/08/07 | to | 02/22/07 | including | weekends and weekdays | ⦿ | ⑦ |

(15 days)

**Select Location**
(please read disclaimer)

zip code
| 94110 | and | find nearest weather station | or |

| AL - Montgomery Dannelly Field | ⦿ | ⑦ |

**Choose Payment Terms**

Pay me $ 100.00 for every Rainy ⦿ day.
Rainy day occurs when the precipitation level is above 0.25 inches in a 24-hour period. ⑦

**Choose Payment Limits**

Only start paying me after 0 rainy days, and pay me a maximum of
$ 1500 . ⑦

**Price:**

| $613.07 | BUY NOW |

# EXHIBIT
# A

Int. Cl.: 36

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

**Reg. No. 2,367,423**

**Registered July 18, 2000**

## SERVICE MARK
### PRINCIPAL REGISTER

## WEATHERPROOF BILL

WEATHERWISE USA LLC (DELAWARE LIMITED
    LIABILITY COMPANY)
ONE NORTH SHORE CENTER
12 FEDERAL STREET
PITTSBURGH, PA 15212

  FOR: FINANCIAL SERVICES THAT MANAGE
WEATHER RELATED FINANCIAL RISK FOR EN-
ERGY CONSUMERS, SUPPLIERS AND OTHERS,
NAMELY, FINANCIAL SERVICES WHEREBY EN-
ERGY CONSUMERS, SUPPLIERS AND OTHERS PAY

OR RECEIVE A PREDETERMINED AMOUNT FOR
ENERGY REGARDLESS OF THE WEATHER; AND
FINANCIAL SERVICES IN ARRANGING PURCHASE
AND DELIVERY OF ENERGY, IN CLASS 36 (U.S.
CLS. 100, 101 AND 102).

  FIRST USE 10–15–1996; IN COMMERCE
10–15–1996.

  SER. NO. 75–400,052, FILED 12–4–1997.

JILL C. ALT, EXAMINING ATTORNEY

# EXHIBIT
# B



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Trademark Query

# Trademark Assignment Abstract of Title

**Total Assignments: 4**

    **Serial #:** 75400052     **Filing Dt:** 12/04/1997     **Reg #:** 2367423     **Reg. Dt:** 07/18/2000

    **Registrant:** WeatherWise USA LLC

    **Mark:** WEATHERPROOF BILL

## Assignment: 1

    **Reel/Frame:** 1992/0015     **Received:** 11/26/1999     **Recorded:** 11/15/1999     **Pages:** 4

    **Conveyance:** MERGER AND CHANGE OF NAME

    **Assignor:** WEATHERWISE USA LLC     **Exec Dt:** 09/13/1999

        **Entity Type:** CORPORATION

        **Citizenship:** DELAWARE

    **Assignee:** WEATHERWISE USA, INC.     **Entity Type:** CORPORATION

        12 FEDERAL STREET     **Citizenship:** DELAWARE

        PITTSBURGH, PENNSYLVANIA 15212

    **Correspondent:** KIRKPATRICK & LOCKHART LLP

        JAMES R. KYPER

        535 SMITHFIELD STREET

        PITTSBURGH, PA 15222

## Assignment: 2

    **Reel/Frame:** 3133/0200     **Received:** 08/03/2005     **Recorded:** 08/03/2005     **Pages:** 6

    **Conveyance:** CORRECTIVE ASSIGNMENT TO CORRECT THE ASSIGNOR ENTITY TYPE TO LIMITED LIABILITY COMPANY PREVIOUSLY RECORDED ON REEL 001992 FRAME 0015. ASSIGNOR(S) HEREBY CONFIRMS THE MERGER AND CHANGE OF NAME.

    **Assignor:** WEATHERWISE USA LLC     **Exec Dt:** 09/13/1999

        **Entity Type:** LIMITED LIABILITY COMPANY

        **Citizenship:** DELAWARE

    **Assignee:** WEATHERWISE USA, INC.     **Entity Type:** CORPORATION

        12 FEDERAL STREET     **Citizenship:** DELAWARE

        ONE NORTH SHORE CENTER, SUITE 230

        PITTSBURGH, PENNSYLVANIA 15212

    **Correspondent:** NEIL P. KEARNEY

        535 SMITHFIELD STREET

        HENRY W. OLIVER BUILDING

        PITTSBURGH, PA 15222

## Assignment: 3

    **Reel/Frame:** 3545/0624     **Received:** 05/19/2007     **Recorded:** 05/19/2007     **Pages:** 5

    **Conveyance:** ASSIGNS THE ENTIRE INTEREST

    **Assignor:** WEATHERWISE USA, INC.     **Exec Dt:** 05/18/2007

        **Entity Type:** CORPORATION

        **Citizenship:** DELAWARE

    **Assignee:** PITTSBURGH TECHNOLOGY LICENSING CORP.     **Entity Type:** CORPORATION

        49 SOUTH 14TH STREET     **Citizenship:** DELAWARE

        PITTSBURGH, PENNSYLVANIA 15203

    **Correspondent:** DENNIS M. CARLETON

        625 LIBERTY AVENUE

        29TH FLOOR

        PITTSBURGH, PA 15222

**Assignment: 4**

**Reel/Frame:** 3545/0629        **Received:** 05/19/2007        **Recorded:** 05/19/2007                **Pages:** 7

**Conveyance:** SECURITY INTEREST

**Assignor:** PITTSBURGH TECHNOLOGY LICENSING CORP.                **Exec Dt:** 05/18/2007
**Entity Type:** CORPORATION
**Citizenship:** DELAWARE

**Assignee:** WEATHERWISE USA, INC.                **Entity Type:** CORPORATION
49 SOUTH 14TH STREET                **Citizenship:** DELAWARE
PITTSBURGH, PENNSYLVANIA 15203

**Correspondent:** DENNIS M. CARLETON
625 LIBERTY AVENUE
29TH FLOOR
PITTSBURGH, PA 15222

Search Results as of: 11/15/2007 01:28 PM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT |

# EXHIBIT
# C

| To: | WeatherBill Inc. (dave@weatherbill.com) |
|---|---|
| **Subject:** | TRADEMARK APPLICATION NO. 77099832 - WEATHERBILL - N/A |
| **Sent:** | 5/25/2007 3:24:02 PM |
| **Sent As:** | ECOM102@USPTO.GOV |
| **Attachments:** | Attachment - 1 <br> Attachment - 2 |

## UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO**:  77/099832

**APPLICANT**:  WeatherBill Inc.

# *77099832*

**CORRESPONDENT ADDRESS**:
  WEATHERBILL INC.
  WEATHERBILL INC.
  445 BUSH ST STE 100
  SAN FRANCISCO, CA 94108-3714

**RETURN ADDRESS**:
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:  WEATHERBILL

**CORRESPONDENT'S REFERENCE/DOCKET NO**:  N/A

**CORRESPONDENT EMAIL ADDRESS**:
  dave@weatherbill.com

Please provide in all correspondence:

1. Filing date, serial number, mark and
   applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and
   Law Office number.
4. Your telephone number and e-mail address.

## OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION**:  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Mark: Weatherbill
Serial Number 77/099832

TEAS PLUS APPLICANTS MUST SUBMIT DOCUMENTS ELECTRONICALLY OR SUBMIT FEE: TEAS Plus applicants should submit the following documents using the Trademark Electronic Application System (TEAS) at http://www.uspto.gov/teas/index.html: (1) written responses to Office actions; (2) preliminary amendments; (3) changes of correspondence address; (4) changes of owner's address; (5) appointments and revocations of attorney; (6) amendments to allege use; (7) statements of use; (8) requests for extension of time to file a statement of use, and (9) requests to delete a §1(b) basis. If any of these documents are filed on paper, they must be accompanied by a $50 per class fee. 37 C.F.R. §§2.6(a)(1)(iv) and 2.23(a)(i). Telephone responses will not incur an additional fee. NOTE: In addition to the above, applicant must also continue to accept correspondence from the Office via e-mail throughout the examination process in order to avoid the additional fee. 37 C.F.R. §2.23(a)(2).

The assigned examining attorney has reviewed the referenced application and determined the following.

Trademark Act Section 2(d) – Refusal to Register

The examining attorney refuses registration under Trademark Act Section 2(d), 15 U.S.C. §1052(d), because the applicant's mark, when used on or in connection with the identified services, so resembles the mark in U.S. Registration No. 2367423 as to be likely to cause confusion, to cause mistake, or to deceive. TMEP §§1207.01 et seq. See the enclosed registration.

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. In re E. I. DuPont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. In re August Storck KG, 218 USPQ 823 (TTAB 1983); In re International Telephone and Telegraph Corp., 197 USPQ 910 (TTAB 1978); Guardian Products Co., v. Scott Paper Co., 200 USPQ 738 (TTAB 1978). TMEP §§1207.01 et seq.

A. Comparison of the Marks

The examining attorney must compare the marks for similarities in sound, appearance, meaning or connotation. In re E. I. DuPont de Nemours & Co., 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Similarity in any one of these elements is sufficient to find a likelihood of confusion. In re Mack, 197 USPQ 755 (TTAB 1977). TMEP §§1207.01(b) et seq.

When the applicant's mark is compared to a registered mark, "the points of similarity are of greater importance than the points of difference." Esso Standard Oil Co. v. Sun Oil Co., 229 F.2d 37, 108 USPQ 161 (D.C. Cir.), cert. denied, 351 U.S. 973, 109 USPQ 517 (1956). TMEP §1207.01(b).

The test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side#by#side comparison. The issue is whether the marks create the same overall impression. Visual Information Institute, Inc. v. Vicon Industries Inc., 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. Chemetron Corp. v. Morris Coupling & Clamp Co., 203 USPQ 537 (TTAB 1979); Sealed Air Corp. v. Scott Paper Co., 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b).

Registration Number 2367423 is for the mark WEATHERPROOF BILL. The applicant is seeking to register the mark WEATHERBILL. The applicant has merely deleted the term "proof" and the spacing between the terms from the mark of the registrant. The mere deletion of wording from a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d). *See In re Optical Int'l*, 196 USPQ 775 (TTAB 1977) (where applicant filed to register the mark OPTIQUE for optical wear, deletion of the term BOUTIQUE is insufficient to distinguish the mark, *per se*, from the registered mark OPTIQUE BOUTIQUE when used in connection with competing optical wear). In the present case, applicant's mark does not create a distinct commercial impression because it contains the same common wording as registrant's mark, and there is no other wording to distinguish it from registrant's mark.

B.  Comparison of the Services

The services of the parties need not be identical or directly competitive to find a likelihood of confusion. They need only be related in some manner, or the conditions surrounding their marketing be such, that they could be encountered by the same purchasers under circumstances that could give rise to the mistaken belief that the services come from a common source. *In re Martin's Famous Pastry Shoppe, Inc.*, 748 F.2d 1565, 223 USPQ 1289 (Fed. Cir. 1984); *In re Corning Glass Works*, 229 USPQ 65 (TTAB 1985); *In re Rexel Inc.*, 223 USPQ 830 (TTAB 1984); *Guardian Products Co., Inc. v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978); *In re International Telephone & Telegraph Corp.*, 197 USPQ 910 (TTAB 1978). TMEP §1207.01(a)(i).

Registration Number 2367423 is for "financial services that manage weather related financial risk for energy consumers, suppliers and others, namely, financial services whereby energy consumers, suppliers and others pay or receive a predetermined amount for energy regardless of the weather; and financial services in arranging purchase and delivery of energy." The applicant's services are "Assuming financial risk of others by entering into options and swaps; Financial risk management; financial services, namely providing information in the fields of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; financial services, namely, providing for the exchange of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; risk management; risk management consultation." The services of the parties, while not identical, are related. The parties both offer a weather-related financial service.

Due to the similarities between the marks and the services, registration is refused.

Although the examining attorney has refused registration, the applicant may respond to the refusal to register by submitting evidence and arguments in support of registration.

Response Guidelines - General

Please note that there is no required format or form for responding to this Office action. However, applicant should include the following information on all correspondence with the Office: (1) the name and law office number of the examining attorney; (2) the serial number of this application; (3) the mailing date of this Office action; and, (4) applicant's telephone number.

When responding to this Office action, applicant must make sure to respond in writing to each refusal and requirement raised. If there is a refusal to register the proposed mark, then applicant may wish to argue against the refusal, i.e., explain why it should be withdrawn and why the mark should register. If there are other requirements, then applicant should simply set forth in writing the required changes or statements and request that the Office enter them into the application record. Applicant must also sign and date its response.

Applicant may wish to hire a specialist attorney to assist in prosecuting this application because of the technicalities involved. The Office cannot aid in the selection of a trademark attorney. 37 C.F.R. §2.11. Applicant may wish to consult the Yellow Pages for a listing of attorneys specializing in trademark or intellectual property law, or seek guidance from its local Bar Association attorney-referral service.

Response Guidelines – Signing Responses

Responses to Office actions must be properly signed. TMEP §712. If applicant has retained an attorney, the attorney *must* sign the response; applicant cannot sign the response. 37 C.F.R. §10.18(a); TMEP §602. However, if applicant was previously represented by an attorney, and applicant later retains a different attorney, the newly retained attorney cannot sign responses until a new power of attorney signed by applicant is filed. *Id.* Paralegals and secretaries cannot sign responses for attorneys.

The only attorneys who can practice before the USPTO in trademark matters are (1) attorneys in good standing with a bar of the highest court of any U.S. state or (2) Canadian agents/attorneys who have received reciprocal recognition by the USPTO under 37 C.F.R. §10.14(c). And Canadian attorneys can only represent Canadian applicants. Foreign attorneys (other than duly authorized Canadian attorneys) cannot sign responses or otherwise represent applicants before the USPTO. 37 C.F.R. §§10.1(c) and 10.14. Paralegals and secretaries cannot sign responses for attorneys.

If applicant is not represented by an attorney, the response must be signed by applicant or by someone with legal authority to bind applicant (i.e., *a corporate officer of a corporate applicant*, the equivalent of an officer for unincorporated organizations or limited liability company applicants, a general partner of a partnership applicant, each applicant for applications with multiple individual applicants, etc.). TMEP §§712 *et seq.*

A non-attorney who is authorized to verify facts on behalf of an applicant under 37 C.F.R. §2.33(a)(2) (such as trademark administrators, accountants, business managers, administrative assistants, and personal assistants) is *not* entitled to sign responses to Office actions or to authorize examiner's amendments and priority actions, unless he or she also has legal authority to bind the applicant, as specified in the paragraph immediately above. *See* TMEP §§712.03 and 804.04.

If the applicant has any questions or needs assistance in responding to this Office action, please telephone the assigned examining attorney.

/Mary E. Crawford/

Trademark Attorney

Law Office 102

(571) 272 - 9149

**NOTICE OF NEW PROCEDURE FOR E-MAILED OFFICE ACTIONS**: In late spring 2007, for any applicant who authorizes e-mail communication with the USPTO, the USPTO will no longer directly e-mail the actual Office action to the applicant. Instead, upon issuance of an Office action, the USPTO will e-mail the applicant a notice with a link/web address to access the Office action using Trademark Document Retrieval (TDR), which is located on the USPTO website at http://portal.uspto.gov/external/portal/tow. The Office action will <u>not</u> be attached to the e-mail notice. Upon receipt of the notice, the applicant can then view and print the actual Office action and any evidentiary attachments using the provided link/web address. TDR is available 24 hours a day, seven days a week, including holidays and weekends. This new process is intended to eliminate problems associated with e-mailed Office actions that contain numerous attachments.

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE**.
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

**FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

**Print: May 25, 2007**                    **75400052**

**DESIGN MARK**

**Serial Number**
75400052

**Status**
SECTION 8 & 15-ACCEPTED AND ACKNOWLEDGED

**Word Mark**
WEATHERPROOF BILL

**Standard Character Mark**
No

**Registration Number**
2367423

**Date Registered**
2000/07/18

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(1) TYPED DRAWING

**Owner**
WEATHERWISE USA, INC. CORPORATION DELAWARE ONE NORTH SHORE CENTER 12
FEDERAL STREET PITTSBURGH PENNSYLVANIA 15212

**Goods/Services**
Class Status -- ACTIVE.  IC 036.  US  100 101 102.  G & S: Financial
services that manage weather related financial risk for energy
consumers, suppliers and others, namely, financial services whereby
energy consumers, suppliers and others pay or receive a predetermined
amount for energy regardless of the weather; and financial services in
arranging purchase and delivery of energy.  First Use: 1996/10/15.
First Use In Commerce: 1996/10/15.

**Filing Date**
1997/12/04

**Examining Attorney**
ALT, JILL C.

**Attorney of Record**
Dennis M. Carleton

-1-

WEATHERPROOF BILL

\*\*\* User:mcrawford1 \*\*\*

| # | Total Marks | Dead Marks | Live Viewed Docs | Live Viewed Images | Status/ Search Duration | Search |
|---|---|---|---|---|---|---|
| 01 | 2 | 0 | 2 | 2 | 0:01 | "weatherbill"[on] |
| 02 | 2554 | N/A | 0 | 0 | 0:01 | *weather*[bi,ti] |
| 03 | 18788 | N/A | 0 | 0 | 0:02 | *b{"iy"}!*[bi,ti] |
| 04 | 6 | 0 | 6 | 4 | 0:01 | (2 and 3) not dead[ld] |
| 05 | 1525321 | N/A | 0 | 0 | 0:02 | "036"[cc] |
| 06 | 350 | 0 | 350 | 148 | 0:01 | (2 and 5) not dead[ld] |

Session started 5/25/2007 2:03:05 PM
Session finished 5/25/2007 2:13:13 PM
Total search duration 0 minutes 8 seconds
Session duration 10 minutes 8 seconds
Defaut NEAR limit=1ADJ limit=1
Sent to TICRS as Serial Number: 77099832

| **From:** | TMDesignCodeComments |
|---|---|
| **Sent:** | Saturday, February 10, 2007 00:07 AM |
| **To:** | dave@weatherbill.com |
| **Subject:** | Notice of Pseudo Mark for Serial Number: 77099832 |

**ATTORNEY REFERENCE**
**NUMBER:**

The USPTO may assign pseudo marks, as appropriate, to new applications to assist in searching the USPTO database for conflicting marks.  They have no legal significance and will not appear on the registration certificate.

A PSEUDO MARK may be assigned to marks that include words, numbers, compound words, symbols, or acronyms that can have alternative spellings or meanings.  For example, if the mark comprises the words 'YOU ARE' surrounded by a design of a box, the pseudo mark field in the USPTO database would display the mark as 'YOU ARE SQUARE'.  A mark filed as 'URGR8' would receive a pseudo mark of 'YOU ARE GREAT'.

You are not required to respond to this notice.  However, if you would like to suggest additions or changes to the pseudo mark assigned to your mark, please send an email to TMDesignCodeComments@USPTO.GOV or call 1-800-786-9199 to speak to a Customer Service representative.  No fee is necessary.  (Please include the serial number of your application on ALL correspondence with the USPTO.)  The USPTO will review your request and update the record if appropriate.

The USPTO will not send any further response to your e-mail.  Check TESS in approximately two weeks to see if the requested changes have been entered.  Requests deemed unnecessary or inappropriate will not be entered.

**Pseudo marks assigned to the referenced serial number are listed below.**

**PSEUDO MARK:**

WEATHER BILL

# WeatherBill



| home | learn | tools | price & buy | my account |

## Get a Quote for a WeatherBill Contract...
or Get a Custom Quote ⑦

**Choose Contract Dates**

02/08/07 to 02/22/07 including weekends and weekdays ▼ ⑦
(15 days)

**Select Location**
(please read disclaimer)

zip code
94110 and find nearest weather station or

AL - Montgomery Dannelly Field ▼ ⑦

**Choose Payment Terms**

Pay me $ 100.00 for every Rainy ▼ day.
**Rainy day occurs when the precipitation level is above** 0.25 inches in a 24-hour period. ⑦

**Choose Payment Limits**

Only start paying me after 0 rainy days, and pay me a maximum of $ 1500 . ⑦

**Price:**

$613.07    BUY NOW

**About Us | FAQ | Contact | Careers | Privacy Policy | Terms of Use** | Copyright © 2007 WeatherBill Inc.

PTO Form 1 Tfc (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2005)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77099832**
**Filing Date: 02/06/2007**

*NOTE: Data fields with the * are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| TEAS Plus | YES |
| **MARK INFORMATION** | |
| *MARK | WeatherBill |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | WeatherBill |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | WeatherBill Inc. |
| *STREET | 445 Bush Street Suite 100 |
| *CITY | San Francisco |
| *STATE (Required for U.S. applicants) | California |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 94108 |
| PHONE | 415-986-4453 |
| FAX | 415-986-4453 |
| EMAIL ADDRESS | dave@weatherbill.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | CORPORATION |
| *STATE/COUNTRY OF INCORPORATION | Delaware |

| GOODS AND/OR SERVICES AND BASIS INFORMATION | |
|---|---|
| *INTERNATIONAL CLASS | 036 |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| *DESCRIPTION | Assuming financial risk of others by entering into options and swaps |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Financial risk management |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Financial services, namely providing information in the fields of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Financial services, namely, providing for the exchange of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |

| | |
|---|---|
| FILE NAME(S) | |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Risk management |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| *DESCRIPTION | Risk management consultation |
| *FILING BASIS | SECTION 1(a) |
| *FIRST USE ANYWHERE DATE | At least as early as 05/23/2006 |
| *FIRST USE IN COMMERCE DATE | At least as early as 01/17/2007 |
| SPECIMEN FILE NAME(S) | \\TICRS2\EXPORT12\770\998 \77099832\xml1\FTK0003.JP G |
| SPECIMEN DESCRIPTION | WeatherBill logo and WeatherBill mark used in context of buying a WeatherBill product / service on the WeatherBill website, located at www.weatherbill.com |
| **ADDITIONAL STATEMENTS INFORMATION** | |
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |
| **CORRESPONDENCE INFORMATION** | |
| *NAME | WeatherBill Inc. |
| FIRM NAME | WeatherBill Inc. |
| *STREET | 445 Bush Street Suite 100 |
| * CITY | San Francisco |
| * STATE (Required for U.S. applicants) | California |

| * COUNTRY | United States |
|---|---|
| * ZIP/POSTAL CODE (Required for U.S. applicants only) | 94108 |
| PHONE | 415-986-4453 |
| FAX | 415-986-4453 |
| * EMAIL ADDRESS | dave@weatherbill.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| TOTAL FEE DUE | 275 |
| **SIGNATURE INFORMATION** | |
| * SIGNATURE | /David Friedberg/ |
| * SIGNATORY'S NAME | David Friedberg |
| SIGNATORY'S POSITION | CEO of WeatherBill Inc. |
| * DATE SIGNED | 02/05/2007 |
| **FILING INFORMATION SECTION** | |
| SUBMIT DATE | Tue Feb 06 00:07:46 EST 2007 |
| TEAS STAMP | USPTO/FTK-75.34.111.1-200 70206000746458254-7709983 2-360c5a3c89a8c2561dd4d61 973de8c1ec1a-CC-856-20070 205234320103016 |

USPTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

## Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 77099832**
**Filing Date: 02/06/2007**

To the Commissioner for Trademarks:

**MARK:** WeatherBill (Standard Characters, see mark)

The literal element of the mark consists of WeatherBill. The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, WeatherBill Inc., a corporation of Delaware, having an address of 445 Bush Street Suite 100, San Francisco, California, United States, 94108, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

**For specific filing basis information for each item, you must view the display within the Input Table.**

International Class 036: Assuming financial risk of others by entering into options and swaps; Financial risk management; Financial services, namely providing information in the fields of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; Financial services, namely, providing for the exchange of foreign currency, commodities, financial derivatives, interest rate products, and equities via the internet and intranet systems; Risk management; Risk management consultation

If the applicant is filing under Section 1(b), intent to use, the applicant declares that it has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(b), as amended.

If the applicant is filing under Section 1(a), actual use in commerce, the applicant declares that it is using the mark in commerce, or the applicant's related company or licensee is using the mark in commerce, on or in connection with the identified goods and/or services. 15 U.S.C. Section 1051(a), as amended.

If the applicant is filing under Section 44(d), priority based on foreign application, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and asserts a claim of priority based on a specified foreign application(s). 15 U.S.C. Section 1126(d), as amended.

If the applicant is filing under Section 44(e), foreign registration, the applicant declares that it has a bona fide intention to use the mark in commerce on or in connection with the identified goods and/or services, and submits a copy of the supporting foreign registration(s), and translation thereof, if appropriate. 15 U. S.C. Section 1126(e), as amended.

Correspondence Information:            WeatherBill Inc.
                                       445 Bush Street Suite 100
                                       San Francisco, California 94108
                                       415-986-4453(phone)
                                       415-986-4453(fax)
                                       dave@weatherbill.com (authorized)
A fee payment in the amount of $275 will be submitted with the application, representing payment for 1 class(es).

**Declaration**

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /David Friedberg/   Date: 02/05/2007
Signatory's Name: David Friedberg
Signatory's Position: CEO of WeatherBill Inc.
RAM Sale Number: 856
RAM Accounting Date: 02/06/2007
Serial Number: 77099832
Internet Transmission Date: Tue Feb 06 00:07:46 EST 2007
TEAS Stamp: USPTO/FTK-75.34.111.1-20070206007464582
54-77099832-360c5a3c89a8c2561dd4d61973de
8c1ec1a-CC-856-20070205234320103016

# WeatherBill



## Get a Quote for a WeatherBill Contract...

or Get a Custom Quote ⑦

**Choose Contract Dates**

02/08/07 to 02/22/07 including weekends and weekdays ▼ ⑦
(15 days)

**Select Location**
(please read disclaimer)

zip code
94110 and find nearest weather station or

AL - Montgomery Dannelly Field ▼ ⑦

**Choose Payment Terms**

Pay me $ 100.00 for every Rainy ▼ day.
**Rainy day occurs when the precipitation level is above** 0.25 **inches in a 24-hour period.** ⑦

**Choose Payment Limits**

Only start paying me after 0 rainy days, and pay me a maximum of $ 1500 . ⑦

**Price:**

$613.07    [ BUY NOW ]

~ 0 7 - 7 3 8 ~

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| WeatherWise USA, Inc. and Pittsburgh Technology Licensing Corp. | WeatherBill, Inc. |

(b) County of Residence of First Listed Plaintiff  New Castle, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gregory Williams  Fox Rothschild LLP 302-654-7444
919 N. Market St., #1300, Wilmington, DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Secs.1114, 1117 & 1125
Brief description of cause:
Trademark infringement & dilution, cyberpiracy and unfair competition.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Injunctive relief & monetary damages.

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  11/16/2007

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

~ 0 7 - 7 3 8 ~

Civil Action No. _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 3 _____ COPIES OF AO FORM 85.

_____ 11/16/07 _____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____ Vincent  Olivere _____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action