# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| WEATHERWISE USA, INC., a Delaware Corporation, and PITTSBURGH TECHNOLOGY LICENSING CORP., a Delaware Corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>WEATHERBILL, INC., a Delaware Corporation,<br><br>                    Defendant. | CASE NO. 07-738-JJF |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT WEATHERBILL, INC.

Defendant WeatherBill, Inc. (hereinafter "WeatherBill"), by and through its attorneys of record, hereby replies to the Complaint of Plaintiffs WeatherWise USA, Inc. and Pittsburgh Technology Licensing Corp. (hereinafter collectively, "Plaintiffs") filed in the above-captioned action.

## RESPONSE TO INTRODUCTORY ALLEGATIONS

1.       WeatherBill denies each and every allegation contained in paragraph 1 and denies that Plaintiffs are entitled to the requested relief or any other relief.

## RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

2.       WeatherBill admits that this Court has original subject matter jurisdiction over the claims asserted under the Lanham Act and supplemental jurisdiction over the other claims in the Complaint not asserted under the Lanham Act.  WeatherBill specifically denies all other allegations in paragraph 2.

3.       WeatherBill admits that this Court has personal jurisdiction over WeatherBill by virtue of its incorporation and registered office in this district. WeatherBill specifically denies all other allegations in paragraph 3.

4.    WeatherBill admits that venue is proper in this district under 28 U.S.C. § 1391(b).

**RESPONSE TO ALLEGATIONS REGARDING THE PARTIES**

5.    On information and belief, WeatherBill admits the allegations in paragraph 5.

6.    On information and belief, WeatherBill admits the allegations in paragraph 6.

7.    WeatherBill admits the allegations in paragraph 7.

**RESPONSE TO FACTUAL ALLEGATIONS**

8.    On information and belief, WeatherBill admits the allegations in paragraph 8.

9.    On information and belief, WeatherBill admits that WeatherWise USA, LLC was the original owner of the trademark identified as Federal Trademark Registration No. 2367423 for the mark WEATHERPROOF BILL, which was registered on July 18, 2000. On information and belief, WeatherBill admits that the registration for the mark WEATHERPROOF BILL covers financial services that manage weather related financial risk for energy consumers, suppliers and others, defined as, financial services whereby energy consumers, suppliers and others pay or receive a predetermined amount for energy regardless of the weather; and financial services in arranging purchase and delivery of energy.

10.    On information and belief, WeatherBill denies the allegations in paragraph 10.

11.    On information and belief, WeatherBill denies the allegations in paragraph 11.

12.    On information and belief, WeatherBill denies the allegations in paragraph 12.

13.    On information and belief, WeatherBill denies the allegations in

paragraph 13.

14.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies each and every allegation contained therein.

15.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15, and therefore denies each and every allegation contained therein.

### RESPONSE TO ALLEGATIONS REGARDING WEATHERWISE'S BUSINESS

16.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16, and therefore denies each and every allegation contained therein.

17.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17, and therefore denies each and every allegation contained therein.

18.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18, and therefore denies each and every allegation contained therein.

19.    WeatherBill denies the allegations of paragraph 19 and specifically denies that the "Weatherproof Bill" name and trademark are inherently strong and distinctive.

20.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20, and therefore denies each and every allegation contained therein.

21.    WeatherBill denies the allegations of paragraph 21 that WeatherWise's services are strongly associated with and identified by the "Weatherproof Bill" trademark.  WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 21, and therefore

denies each and every allegation contained therein.

22.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, and therefore denies each and every allegation contained therein.

23.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23, and therefore denies each and every allegation contained therein.

24.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, and therefore denies each and every allegation contained therein.

25.    WeatherBill specifically denies the allegation that the "Weatherproof Bill" name and trademark have become famous.  WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the other allegations in paragraph 25, and therefore denies each and every allegation contained therein.

26.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26, and therefore denies each and every allegation contained therein.

27.    WeatherBill is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27, and therefore denies each and every allegation contained therein.

**RESPONSE TO ALLEGATIONS REGARDING WeatherBill**

28.    WeatherBill admits that it provides products and services including, but not limited to, weather contracts that constitute financial instruments and weather correlation tools and research reports, but denies all other allegations in paragraph 28.

29.    WeatherBill denies the allegations in paragraph 29 and specifically denies that WeatherBill and Plaintiffs "transact business in the weather markets, provide similar weather risk management products and services, and target similar markets."

4

30.     WeatherBill admits the allegations of paragraph 30.

31.     WeatherBill admits that it acquired the domain name weatherbill.com. WeatherBill denies all of the remaining allegations of paragraph 31.

32.     WeatherBill denies the allegations of paragraph 32 and specifically denies that the use of the name "WeatherBill" is confusingly similar to the name or mark Weatherproof Bill.

33.     WeatherBill denies the allegations of paragraph 33.

34.     WeatherBill denies the allegations of paragraph 34.

35.     WeatherBill denies the allegations of paragraph 35.

36.     WeatherBill denies the allegations of paragraph 36.

37.     WeatherBill denies the allegations of paragraph 37.

38.     WeatherBill admits that Plaintiffs have never authorized WeatherBill to use the name "WeatherBill" in connection with any domain name, business, product, or service, but deny any allegation that such authorization was required or necessary by law or otherwise.

39.     WeatherBill denies the allegations of paragraph 39.

40.     WeatherBill admits constructive notice of Plaintiffs' "Weatherproof Bill" mark and denies the remaining allegations of paragraph 40.

41.     WeatherBill admits that it filed an application with the United States Patent and Trademark Office to register the mark "WeatherBill," but denies all other allegations in paragraph 41.

42.     WeatherBill admits that the United States Patent and Trademark Office denied WeatherBill's application to register the mark "WeatherBill," and that a copy of the Office Action is attached to the Complaint as Exhibit C.  WeatherBill denies all of the remaining allegations of paragraph 42.

43.     WeatherBill admits that it became aware of Plaintiffs' trademark at a time after the issuance of the Office Action that is attached to the Complaint as Exhibit

C.  WeatherBill denies the remaining allegations in paragraph 43, and specifically denies that it has infringed any of Plaintiffs' trademarks.

44.    WeatherBill denies the allegations of paragraph 44.

45.    WeatherBill denies the allegations of paragraph 45.

46.    WeatherBill denies the allegations of paragraph 46.

47.    WeatherBill denies the allegations of paragraph 47.

**RESPONSE TO COUNT I**

48.    WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

49.    WeatherBill denies the allegations of paragraph 49.

50.    WeatherBill denies the allegations of paragraph 50.

51.    WeatherBill denies the allegations of paragraph 51.

52.    WeatherBill denies the allegations of paragraph 52.

**RESPONSE TO COUNT II**

53.    WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

54.    WeatherBill denies the allegations of paragraph 54.

55.    WeatherBill denies the allegations of paragraph 55.

56.    WeatherBill denies the allegations of paragraph 56.

57.    WeatherBill denies the allegations of paragraph 57.

**RESPONSE TO COUNT III**

58.    WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

59.    WeatherBill denies the allegations of paragraph 59.

60.    WeatherBill denies the allegations of paragraph 60.

61.    WeatherBill denies the allegations of paragraph 61.

62.    WeatherBill denies the allegations of paragraph 62.

## RESPONSE TO COUNT IV

63.     WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

64.     WeatherBill denies the allegations of paragraph 64.

65.     WeatherBill denies the allegations of paragraph 65.

66.     WeatherBill denies the allegations of paragraph 66.

## RESPONSE TO COUNT V

67.     WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

68.     WeatherBill denies the allegations of paragraph 68.

## RESPONSE TO COUNT VI

69.     WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

70.     WeatherBill denies the allegations of paragraph 70.

## RESPONSE TO COUNT VII

71.     WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

72.     WeatherBill denies the allegations of paragraph 72.

## RESPONSE TO COUNT VIII

73.     WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

74.     WeatherBill denies the allegations of paragraph 74.

## RESPONSE TO COUNT IX

75.     WeatherBill realleges and incorporates by reference its responses to the preceding paragraphs.

76.     WeatherBill denies the allegations of paragraph 76.

77.    WeatherBill denies the allegations of paragraph 77.

78.    WeatherBill denies the allegations of paragraph 78.

79.    WeatherBill denies the allegations of paragraph 79.

## AFFIRMATIVE DEFENSES

WeatherBill asserts the following affirmative defenses and reserves the right to allege additional defenses as they are discovered.

### FIRST AFFIRMATIVE DEFENSE

1.    As a separate and first affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that the Complaint fails to state facts sufficient to support any claim upon which relief can be granted against WeatherBill.

### SECOND AFFIRMATIVE DEFENSE

2.    As a separate and second affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that the Complaint fails to state facts sufficient to support any claim for punitive damages against WeatherBill.

### THIRD AFFIRMATIVE DEFENSE

3.    As a separate and third affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that the Complaint fails to state facts sufficient to support a preliminary or permanent injunction against WeatherBill.

### FOURTH AFFIRMATIVE DEFENSE

4.    As a separate and fourth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that there is no likelihood of confusion between WeatherBill's name and mark and Plaintiffs' mark as registered and as used in connection with Plaintiffs' goods and services.

## **FIFTH AFFIRMATIVE DEFENSE**

5.      As a separate and fifth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that WeatherBill's "WeatherBill" name and mark are not confusingly similar to any trademarks, trade dress or trade names of Plaintiffs and that relevant consumers are not likely to be confused as to the source of Plaintiffs' and WeatherBill's goods and services.

## **SIXTH AFFIRMATIVE DEFENSE**

6.      As a separate and sixth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that Plaintiffs' mark was neither famous within the meaning of Section 43(c) of the Lanham Act nor well-known at any time relevant to Plaintiffs' claim of dilution, there is no actual dilution and there is no likelihood of dilution. Plaintiffs' mark does not qualify for protection under 15 U.S.C. § 1125(c), as amended.

## **SEVENTH AFFIRMATIVE DEFENSE**

7.      As a separate and seventh affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that its use of any third party trademarks is allowed under the doctrine of fair use.

## **EIGHTH AFFIRMATIVE DEFENSE**

8.      As a separate and eighth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges upon information and belief that Plaintiffs' claims are barred in whole or in part due to the doctrine of laches.

## **NINTH AFFIRMATIVE DEFENSE**

9.      As a separate and ninth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges upon information and belief that Plaintiffs' claims are barred in whole or in part due to the

doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

10.    As a separate and tenth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges upon information and belief that Plaintiffs' claims are barred in whole or in part due to the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    As a separate and eleventh affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges upon information and belief that Plaintiffs' claims are barred in whole or in part due to the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12.    As a separate and twelfth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that that Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    As a separate and thirteenth affirmative defense to the Complaint, and to each claim for relief against WeatherBill set forth therein, WeatherBill alleges that no conduct by or attributable to WeatherBill was either the cause in fact or the proximate cause of the damages alleged by Plaintiffs.  Rather, the damages alleged by Plaintiffs were caused, either in whole or in part, by Plaintiffs' own acts or omissions or by the acts or omissions of persons or entities other than WeatherBill.  Plaintiffs' damages, if any, must be reduced accordingly.

**WEATHERBILL'S COUNTERCLAIM FOR CANCELLATION OF**
**PLAINTIFFS' TRADEMARK AND DECLARATORY RELIEF**

**COUNT I – CANCELLATION (15 U.S.C. § 1064)**

1.      This claim is for cancellation of a U.S. Federal Trademark Registration under 15 U.S.C. § 1064, by reason of the trademark laws of the United States, 15 U.S.C. §1051 et seq., with jurisdiction being proper in this Court.

2.      On information and belief, one of Plaintiff WeatherWise's leading products is the "Weatherproof Bill," which is WeatherWise's branded fixed bill (a predetermined, annual energy bill that allows consumers to pay the same amount for energy usage each month, regardless of changes in consumption that are largely driven by the weather or energy prices, and without any end-of-period adjustments or reconciliations).

3.      On information and belief, Plaintiff Pittsburgh Technology Licensing Corp. owns the rights, title and interest in the "Weatherproof Bill" trademark and WeatherWise owns a license to use the "Weatherproof Bill" trademark.

4.      An actual controversy of a justiciable nature exists between Plaintiffs and Defendant involving Defendant's right to advertise, offer for sale and sell weather contracts under the name "WeatherBill," which Plaintiffs claim infringe upon their trademark "Weatherproof Bill" both under common law and as statutorily granted pursuant to the registration provisions of the Lanham Act §1051 et seq.  Plaintiffs claim infringement of their "Weatherproof Bill" trademark under the U.S. Federal Trademark Registration No. 2,367,423.

5.      Plaintiffs filed a Complaint against Defendant on November 16, 2007, asserting trademark infringement, trademark dilution and cyberpiracy of and unfair competition with Plaintiffs'   "Weatherproof Bill" trademark.

6.      Defendant claims the aforementioned Federal Registration for the "Weatherproof Bill" trademark is invalid, void, unenforceable, and should be cancelled for one or more of the following reasons:

a)      The "Weatherproof Bill" trademark and related rights have been abandoned by Plaintiffs' allowing others to use its mark without attempting to properly control their use and by other actions or failure to act that has caused the trademark to lose its protection and significance as an indicator or origin, sponsorship or authorization.

7.      Defendant desires a judicial declaration that the Plaintiffs' "Weatherproof Bill" trademark registration is cancelled and unenforceable.

## COUNT II – DECLARATORY RELIEF (28 U.S.C. §§2201, 2202)

8.      Defendant repeats and realleges the allegations contained in paragraphs 1-7 herein.

9.      This claim is for declaratory relief under 28 U.S.C. §§ 2201 and 2202, by reason of the trademark laws of the United States, 15 U.S.C. §1051 et seq., with jurisdiction being proper in this Court.

10.      As to the aforementioned asserted trademark and related rights of Plaintiffs, Defendant claims that none are infringed, and each is invalid, void and unenforceable for one or more of the following reasons:

a)      The Plaintiffs' "Weatherproof Bill" trademark is diluted in connection with the goods claimed in the registration and does not perform the source-identifying function necessary to support trademark rights;

b)      The Plaintiffs' "Weatherproof Bill" trademark is not confusingly similar to Defendant's "WeatherBill" name; and

c)      The "Weatherproof Bill" trademark and related rights have been abandoned by Plaintiffs' allowing others to use its mark without attempting to properly control their use and by other actions or failure to act that has caused the trademark to lose its protection and significance as an indicator or origin, sponsorship or authorization.

13.      Defendant's products and services and Plaintiffs' products and services

are not advertised, offered or sold in the same markets and do not compete in the same markets.  Defendant sells weather contracts that constitute financial instruments whereas Plaintiffs sell fixed energy bills.

14.    Defendant desires a judicial declaration that it has the right to continue to sell, advertise, offer for sale, and distribute its weather contracts under the name "WeatherBill," which is alleged to infringe Plaintiffs' "Weatherproof Bill" trademark, that the "WeatherBill" name and mark do not infringe any of Plaintiffs' trademark rights, both statutory and at common law, and that Plaintiffs' "Weatherproof Bill" trademark, both statutory and at common law, and any registrations of the mark, are limited in scope, invalid or unenforceable.

## **PRAYER FOR RELIEF**

FOR THESE REASONS, WeatherBill respectfully requests that this Court enter judgment:

1.    denying each of Plaintiffs' claims for relief and/or damages;

2.    dismissing Plaintiffs' Complaint with prejudice;

3.    finding no infringement or dilution of trademark rights, if any;

4.    awarding WeatherBill its reasonable costs, including attorneys' fees; and for such further and other relief as the Court may deem appropriate.

## JURY TRIAL DEMAND

WeatherBill hereby demands a jury trial in the above-captioned action of all issues triable to a jury.

Dated:  December 21, 2007          By: /s/ AnnaMartina Tyreus
                                    GEORGE PAZUNIAK (DE # 478)
                                    MARTINA TYREUS (DE # 4771)
                                    WOMBLE CARLYLE SANDRIDGE &
                                    RICE, PLLC
                                    222 Delaware Avenue, Suite 1501
                                    Wilmington, Delaware 19801
                                    Telephone:    (302) 252-4320
                                    Facsimile:    (302) 661-7732
                                    Email: GPazuniak@wcsr.com
                                            MTyreus@wcsr.com

                                    ROBERT J. YORIO (CSBN 93178)
                                    CHRISTINE S. WATSON (CSBN
                                    218006)
                                    CARR & FERRELL *LLP*
                                    2200 Geng Road
                                    Palo Alto, California 94303
                                    Telephone:    (650) 812-3400
                                    Facsimile:    (650) 812-3444
                                    Email: yorio@carrferrell.com
                                            cwatson@carrferrell.com

                                    Attorneys for Defendant
                                    WEATHERBILL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I caused a true copy of the foregoing

***Answer and Counterclaims of Defendant WeatherBill, Inc.*** to be served on the

following by hand delivery and was electronically filed with the Clerk of the Court using

CM/ECF, which will send notification of such filing to the following:

> Gregory Brian Williams
> Fox Rothschild LLP
> 919 North Market Street, Suite 1300
> P.O. Box 2323
> Wilmington, DE 19899-2323
> Email: gwilliams@foxrothschild.com
> *LEAD ATTORNEY*
> Attorney for Plaintiffs
> WeatherWise USA Inc. and Pittsburgh
> Technology Licensing Corp.

and first class mail and was electronically filed with the Clerk of the Court using

CM/ECF, which will send notification of such filing to the following:

> Carl J. Rychcik
> Fox Rothschild LLP
> 625 Liberty Avenue, 29th Floor
> Pittsburgh, PA 15222
> Email:  crychcik@foxrothschild.com
> *OF COUNSEL*

> /s/ *AnnaMartina Tyreus*_____
> AnnaMartina Tyreus