UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WEATHERWISE USA, INC., a Delaware Corporation, and PITTSBURGH TECHNOLOGY LICENSING CORP., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WEATHERBILL, INC., a Delaware Corporation,<br><br>Defendant. | Civil Action No.: 07-738-JJF |

## PLAINTIFFS' REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs WeatherWise USA, Inc. ("WeatherWise") and Pittsburgh Technology Licensing Corp. ("PTL") (collectively "Plaintiffs"), through their undersigned counsel, Fox Rothschild LLP, hereby reply to Defendant WeatherBill, Inc.'s ("WeatherBill") Counterclaims as follows:

### ANSWER TO COUNT I – CANCELLATION (15 U.S.C. § 1064)

1. The allegations contained in paragraph 1 of the Counterclaim state conclusions of law which require no response. Nonetheless, Plaintiffs admit that this Court has jurisdiction over this matter. By so admitting, however, Plaintiffs do not concede that WeatherBill has set forth a cause of action upon which relief may be granted.

2. The allegations of paragraph 2 of the Counterclaim are admitted.

3. The allegations of paragraph 3 of the Counterclaim are admitted. By way of further answer, Plaintiffs incorporate paragraphs 8 through 15 of the Complaint herein as if set forth in full.

4. The allegations contained in paragraph 4 of the Counterclaim state conclusions of law which require no response. Nonetheless, Plaintiffs admit that an actual controversy of a justiciable nature exists between Plaintiffs and WeatherBill. By so admitting, however, Plaintiffs do not concede that WeatherBill has set forth a cause of action upon which relief may be granted.

5. The allegations of paragraph 5 of the Counterclaim are denied as stated. It is admitted that WeatherWise's Complaint raises claims including but not limited to trademark infringement, trademark dilution, cyberpiracy, and unfair competition. Nonetheless, WeatherWise denies that those are the only claims raised in the Complaint. By way of further answer, Plaintiffs incorporate the allegations of the Complaint herein as if set forth in full.

6. The allegations contained in paragraph 6 of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations of paragraph 6 of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. It is specifically denied that the Federal Registration for the "WeatherProof Bill®" Trademark is invalid, void, unenforceable, and should be cancelled. To the contrary, the Federal Registration for the "WeatherProof Bill®" Trademark is valid, enforceable, and incontestable. Plaintiffs have neither abandoned the "WeatherProof Bill®" Trademark nor acted or failed to act in such a way as to cause the "WeatherProof Bill®" Trademark to lose its protection and significance as an indicator of origin, sponsorship, or authorization. By way of further answer, Plaintiffs state that the "WeatherProof Bill®" Trademark has acquired secondary meaning under the Lanham Act, 15 U.S.C. section 1015.

    a) The allegations contained in paragraph 6(a) of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary,

the allegations of paragraph 6(a) of the Counterclaim are denied, and strict proof thereof is demanded at time of trial.

7. The allegations contained in paragraph 7 of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations contained in paragraph 7 of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. By way of further answer, it is specifically denied that Plaintiffs' "WeatherProof Bill®" Trademark registration should be cancelled and/or declared unenforceable. To the contrary, Plaintiffs' "WeatherProof Bill®" Trademark registration is valid, enforceable, and incontestable.

## ANSWER TO COUNT II – DECLARATORY RELIEF (28 U.S.C. §§ 2201 and 2202)

8. Plaintiffs reallege and incorporate the allegations found in all preceding paragraphs of this Reply and Affirmative Defenses to Defendant's Counterclaims, as well as Plaintiffs' Complaint.

9. The allegations contained in paragraph 9 of the Counterclaim state conclusions of law which require no response. Nonetheless, Plaintiffs admit that this Court has jurisdiction over this matter. By so admitting, however, Plaintiffs do not concede that WeatherBill has set forth a cause of action upon which relief may be granted.

10. The allegations contained in paragraph 10 of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations of paragraph 10 of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. It is specifically denied that Plaintiffs' "WeatherProof Bill®" Trademark and related rights are not being infringed and that the "WeatherProof Bill®" Trademark and related rights are invalid, void, and unenforceable. To the contrary, WeatherBill's actions in having provided and

3

providing weather-related financial services and products under the name "WeatherBill" infringe upon the Plaintiffs' "WeatherProof Bill®" valid and enforceable Trademark. By way of further answer, Plaintiffs incorporate the allegations of the Complaint herein as if set forth in full.

    a)    The allegations contained in paragraph 10(a) of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations of paragraph 10(a) of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. By way of further answer, Plaintiffs incorporate paragraphs 16 through 27 of the Complaint herein as if set forth in full.

    b)    The allegations contained in paragraph 10(b) of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations of paragraph 10(b) of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. By way of further answer, the United States Patent and Trademark Office rejected WeatherBill's registration of the "WeatherBill" mark due to the similarity with the "WeatherProof Bill®" Trademark and concluded that the term WeatherBill "when used on or in connection with the identified services, so resembles [the Trademark] as to be likely to cause confusion, to cause mistake, or to deceive." See Exhibit C to the Complaint. Furthermore, Plaintiffs incorporate paragraphs 28 through 47 of the Complaint herein as if set forth in full.

    c)    The allegations contained in paragraph 10(c) of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations of paragraph 10(c) of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. By way of further answer, Plaintiffs incorporate paragraph 6

of this Reply and Affirmative Defenses to Defendant's Counterclaim herein as if set forth in full.

13. (sic) The allegations contained in paragraph 13 of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations of paragraph 13 of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. By way of further answer, based upon information and belief, WeatherBill provides, advertises, and promotes products and services to manage weather-related risks, including those found within the energy and utility industries, in competition with WeatherWise. Accordingly, both WeatherWise and WeatherBill transact business in the weather markets, provide similar weather risk management products and services, and target similar markets. If additional product and service expansion occurs by either or both parties, there is likely to be even further overlap in services and markets and further confusion between WeatherBill and the "WeatherProof Bill®" Trademark.

14. The allegations contained in paragraph 14 of the Counterclaim state conclusions of law which require no response. To the extent that a response is necessary, the allegations contained in paragraph 14 of the Counterclaim are denied, and strict proof thereof is demanded at time of trial. By way of further answer, it is specifically denied that WeatherBill's actions in selling, advertising, offering for sale, and distributing weather contracts under the name "WeatherBill" do not infringe upon Plaintiffs' "WeatherProof Bill®" Trademark rights, both under statute and at common law, and that Plaintiffs' "WeatherProof Bill®" Trademark, and the registration of the mark, is limited in scope, invalid and unenforceable. To the contrary, WeatherBill's actions in selling, advertising, offering for sale, and distributing weather contracts under the name "WeatherBill" infringe upon Plaintiffs' "WeatherProof Bill®" Trademark rights

both under statutory and at common law. Moreover, Plaintiffs' "WeatherProof Bill®" Trademark, and the registration of that mark, is valid, enforceable, and incontestable.

## AFFIRMATIVE DEFENSES

Plaintiffs reallege and incorporate the allegations found in all preceding paragraphs of this Reply and Affirmative Defenses to Defendant's Counterclaim, as well as Plaintiffs' Complaint. Additionally, Plaintiffs also assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

As a separate and first affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs allege that the Counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and second affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs allege that the Counterclaims fail to state facts sufficient to support any claim for costs or attorneys' fees.

### THIRD AFFIRMATIVE DEFENSE

As a separate and third affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs allege that the Counterclaims fail to state facts sufficient to support the declaratory relief requested by WeatherBill.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and fourth affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, WeatherWise and/or PTL presently uses the "WeatherProof Bill®" Trademark, and has continuously used it at all times relevant to this litigation in a manner that is public, widespread, and conspicuous.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and fifth affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, WeatherWise and/or PTL has controlled the licensing of the "WeatherProof Bill®" Trademark so as to preserve the strength and distinctiveness of the mark.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and sixth affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs state that the "WeatherProof Bill®" Trademark is incontestable and conclusively presumed to have acquired secondary meaning under the Lanham Act, 15 U.S.C. section 1015.

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and seventh affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs state upon information and belief that WeatherBill has used and is using the "WeatherBill" name as a Trademark and/or in a Trademark sense.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and eighth affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs state upon information and belief that WeatherBill's use of the "WeatherBill" name is not descriptive of its products.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and ninth affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs state upon information and belief that WeatherBill comes to this Court with unclean hands, including but not limited to the fact

that WeatherBill continued to use the "WeatherBill" name after receiving actual notice of Plaintiffs' registration of the "WeatherProof Bill®" Trademark from the United States Patent and Trademark Office.

### TENTH AFFIRMATIVE DEFENSE

As a separate and tenth affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, WeatherWise and/or PTL has always maintained control over the "WeatherProof Bill®" Trademark, including control over all licensees and/or sublicensees of the right to use the "WeatherProof Bill®" Trademark.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and eleventh affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs allege upon information and belief that WeatherBill's Counterclaims are barred in whole or in part due to the doctrine of laches and/or the running of any applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and twelfth affirmative defense to WeatherBill's Counterclaims, and to each claim for relief against Plaintiffs set forth therein, Plaintiffs allege upon information and belief that WeatherBill's Counterclaims are barred in whole or in part due to the doctrines of estoppel and/or waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Counterclaims contain insufficient information to permit Plaintiffs to assert all appropriate defenses and, therefore, Plaintiffs reserve their right to amend and/or supplement this Reply to Counterclaim and Affirmative Defenses and to assert additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court enter judgment in their favor and against Defendant regarding the Counterclaims and grant the relief requested in the Complaint.

Dated:  January 10, 2008

/s/Gregory B. Williams
Gregory B. Williams
DE ID. No. 4195
Leslie B. Spoltore
DE ID. No. 3605
FOX ROTHSCHILD LLP
Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
Tel: 302-654-7444
Fax: 302-656-8920
lspoltore@foxrothschild.com

OF COUNSEL

Carl J. Rychcik
PA ID. No. 73754
John R. Gotaskie, Jr.
PA ID No. 81143
FOX ROTHSCHILD LLP
625 Liberty Avenue, 29th Floor
Pittsburgh, PA  15222
Tel: 412-391-1334
Fax: 412-391-6984
crychcik@foxrothschild.com
jgotaskie@foxrothschild.com

# CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of January, 2008, a true and correct copy of Plaintiffs' Reply and Affirmative Defenses to Defendant's Counterclaims was served, via the CM/ECF system, upon the following counsel of record:

George Pazuniak, Esq.
Martina Tyreus, Esq.
Wonble Carlyle Sandridge & Rice, PLLC
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801

and by United States First Class Mail, postage prepaid, upon the following counsel for Defendant:

Robert J. Yorio, Esq.
Christine S. Watson, Esq.
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, Ca 94303

/s/Gregory B. Williams